UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA LINN OWEN,<br><br>    Plaintiff,<br><br>    v.<br><br>RYDER GWINN, et al.,<br><br>    Defendants. | Case No. C19-899RSM<br><br>ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte* and on the Order's prior Order to Show Cause, Dkt. #5. *Pro se* Plaintiff Lisa Linn Owen has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #2. The Complaint was posted on the docket on June 10, 2019. Dkt. #3. Summonses have not yet been issued.

Ms. Owen brings suit against Dr. Ryder Gwinn, Swedish Hospital Cherry Hill, and others. *Id*. She checks the box for "federal question" as the basis for this Court's jurisdiction, but leaves blank a spot in her Complaint for "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." *Id*. at 3. Ms. Owen alleges that she is allergic to morphine, wears a red plastic bracelet to alert hospital staff of this fact, yet was forced to get two injections of morphine by Defendants and went into anaphylactic shock. *Id*. at 5. She also alleges Defendants performed emergency surgery on her

ORDER OF DISMISSAL- 1

without her authorization, leading to pain and other complications. It appears to the Court that Ms. Owen alleges these events occurred the week of July 20, 2015. *Id*. at 9. She alleges continuing medical issues from these events up until the current year.

On June 28, 2019, the Court issued an Order to Show Cause stating that the Court appears to lack subject matter jurisdiction in this case, and that Ms. Owen's claims appear frivolous and untimely. Dkt. #5. Specifically, she was asked to provide the following: "(1) the law or laws upon which her claims are based, (2) why this Court has subject matter jurisdiction to hear these claims, and (3) why this case should not be dismissed as frivolous." *Id*.

Ms. Owen's Response is difficult to follow and does not provide satisfactory answers to these questions. For example, she states "Federal Question Jurisdiction: I understand this to mean, that I am seeking Jurisdiction of governance permission, right-addresses…" Dkt. #6 at 1. Later, she states "Subject Matter Jurisdiction: Is criminal negligence, Medical Malpractice. Isn't it a <u>Federal Offense</u> to murder someone, pre-meditated and standby by [sic] and watch and do nothing to help me the patient?" *Id*. at 2. She goes on to state "Federal question: Federal jurisdiction known as Diversity Justification Vindication: Dr. Ryder Patten Gwinn has resided in Elk Grove Village, Illinois 60007 prior to moving to Bellevue, Washington. Jordan Steed lives in Kirkland, WA. Jane Doe North African American woman, has Dual citizenship, Florida, Washington state, North Africa continent." *Id*.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Ms. Owen has filed this case in Federal Court, subject matter jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. Plaintiff alleges that the jurisdictional

basis for this lawsuit is federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quotation omitted). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1120 (9th Cir. 2011) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)).

The Court finds that Ms. Owen has failed to set forth a basis for this Court's subject matter jurisdiction in her Complaint or in her Response. Murder—or medical malpractice for that matter—are not generally federal offenses. Ms. Owen has failed to point to some other basis under law for this case to be properly filed in federal court. She alludes to diversity jurisdiction at one point in her Response, but it is clear to the Court that all Defendants now reside in the same state as Ms. Owen. It is irrelevant that a nurse appeared to Ms. Owen to be of North African descent, or that Defendants may have lived in other states prior to this lawsuit being filed.

Given all of the above, the Court will dismiss this action for failing to state a claim and for frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

ORDER OF DISMISSAL- 3

2) All pending Motions are STRICKEN as moot.

3) This case is CLOSED.

DATED this 22 day of July 2019.

                              _____
                              RICARDO S. MARTINEZ
                              CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL- 4